# BALTIMORE CITY COURT.

Filed June 17, 1904.

STEUART & STEUART
VS.
ALCINDA M. CHAPPELL, GARNISHEE OF THOMAS C. CHAPPELL.

*David Stewart* for plaintiffs.
*George M. Brady* and *D. W. Baker* for defendant.

HARLAN, J.—

The Court of Appeals having previously decided in this case that the claim of the plaintiffs is a claim for *unliquidated* damages, and having sustained the action in this court in quashing an attachment sued out herein *after two non ests* on the ground that an attachment after *two non ests* cannot be issued under Section 24 of Article 9 of the Code of Public General Laws *for unliquidated damages*, the plaintiffs have attempted to bring their case *within Section 43* of Article 9 of the Code of Public General Laws, *providing for attachments for unliquidated damages.* With leave of court an amended declaration was filed purporting to "state in detail the breach of contract complained of." This was verified by affidavit, and a bond was filed to comply with that section. The difficulty, however, which here meets the plaintiffs is that Section 43 of Article 9 does not provide for issuing attachments for unliquidated damages upon *two non ests*. The section declares "attachments may also be issued *against non-resident or absconding debtors* in cases arising *ex contractu*, where the damages are unliquidated and in actions for wrongs independent of contract; but in such cases no attachment shall issue until a declaration shall have been filed setting out specially and in detail the breach of action complained of, or the tort actually committed, verified by the affidavit of the plaintiff or some one on his behalf, and until a bond shall be filed similar in all respects to the bond required to be given in cases of attachments on original process for fraud as prescribed by Section 38 of this article; in cases arising under this section the practice and pleadings shall in all other particulars conform to the practice · and proceedings against non-resident and absconding debtors in actions *ex contractu* for unliquidated damages."

In my judgment, the attachment here contemplated, is clearly an *original* proceeding, wherein the facts of *the non-resident* or *the absconding* of the debtor are jurisdictional averments of the affidavit, and is not an attachment to be issued as ancillary to a suit in which there have been two returns of *non est*.

The motion which has been made to quash the attachment will accordingly be granted.

(Note—The opinion of the Court of Appeals in the case of Steuart vs. Chappell, garnishee, referred to in the above opinion, was published in **The** Daily Record on March 18, 1904.